# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EVELYN MARTINEZ,

          Plaintiff,

-vs-                                    Case No. 6:06-cv-116-Orl-18DAB

BREVARD COUNTY PARKS AND
RECREATION,
FLORIDA ASSOCIATION OF COUNTIES
TRUST RISK SERVICES
CORPORATION,

          Defendants.

---

## ORDER

This Cause comes before this Court upon Defendant's Motion to Dismiss (Doc. 3, filed February 1, 2006), to which Plaintiff responded in opposition. (Doc. 7, filed February 17, 2006.) Plaintiff Evelyn Martinez ("Plaintiff" or "Martinez") brings this action against Defendants Brevard County ("Brevard County") and Florida Association of Counties Trust Risk Services Corporation ("FACT"). The action has raised two Counts. Count One is a claim for violation of civil rights under the Fourteenth Amendment, Section One, of the United States Constitution. Count Two is brought under Florida state laws of negligence and conspiracy. After reviewing the motions and memoranda provided by each party, the Court grants the Motion to Dismiss by Brevard County. The action against Defendant FACT is dismissed because FACT is not a legal entity that can be properly served with a complaint.

## STANDARD OF REVIEW

In reviewing a motion to dismiss, the Court is to view the complaint in the light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). A court should not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All that is required under the Federal Rules of Civil Procedure is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, mere indication that the plaintiff has a grievance is not enough; instead, "sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (citations omitted). The court does not generally accept conclusory allegations as true. S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (citing Assoc. Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## ANALYSIS

### *Count I—Civil Rights Claim*

Plaintiff claims that her civil rights have been violated, as guaranteed under the Fourteenth Amendment of the United States Constitution. While there is no direct cause of action under the Fourteenth Amendment, the Court will give the benefit of the doubt to

Plaintiff and assume that she is claiming a cause of action under 42 U.S.C. § 1983, arguing that Brevard County violated her civil rights by ejecting her from Wickham Park. However, even giving the Plaintiff the benefit of the doubt and allowing her claim to be adjudicated under section 1983 is not enough for Count I to survive the motion to dismiss stage. Plaintiff has simply not alleged any facts that would entitle her to relief under any portion of the Constitution, Fourteenth Amendment or otherwise. Plaintiff claims that she was involved in an altercation with other park visitors on May 16, 2004, but does not claim any wrongdoing on the part of any Brevard County officials in their response to this altercation. Plaintiff's Amended Complaint therefore fails to state a claim upon which relief can be granted with regard to Count One.

*Count II—Negligence/Conspiracy*

Plaintiff's second Count claims that she is the target of a conspiracy between Brevard County and the City of Melbourne's police department, and that this conspiracy somehow was also negligent. The Court gathers, again, that the crux of Plaintiff's contention is that she should not have received a trespassing violation for the altercation in which she was involved in Wickham Park. However, Plaintiff has again stated nothing in her Complaint that indicates that there was any wrongdoing on the part of Brevard County, and has certainly given no indication that there was any conspiracy between Brevard County and the City of Melbourne. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted with regard to Count Two.

*Claim Against Defendant FACT*

Defendant FACT is not a legal entity, and therefore was not properly named in the present action. FACT was also not served with the Amended Complaint. As such, FACT is not a proper Defendant in this case.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

(1) Defendant Brevard County's Motion to Dismiss is **GRANTED**;

(2) Defendant FACT is **DISMISSED** as a party in the case; and

(3) All other pending motions in this case are **DENIED AS MOOT**.

The Clerk of the Court is **ORDERED** to **CLOSE** this case.

**DONE and ORDERED** in Orlando, Florida on this _____ day of April, 2006.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties